UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REZA AHMED HASHEMI,

  Plaintiff,

               Civil Case No. 14-11578
v.                Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

  Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 25), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 24), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 18)</u>**

  Plaintiff Reza Ahmed Hashemi ("Plaintiff") suffers from multiple sclerosis. He filed the present action on April 21, 2014, seeking review of the Commissioner of Social Security's (the "Commissioner" or Defendant") decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. (ECF No. 1.) The case was referred to United States Magistrate Judge R. Steven Whalen, and thereafter to Magistrate Judge Anthony P. Patti, under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). (ECF Nos. 4, 25.) Thereafter, Plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case to the Commission for an award of benefits. (ECF No. 18.) Defendant filed a motion for summary

1

judgment requesting affirmance of the decision of the Commissioner. (ECF No. 24.) Magistrate Judge Patti filed a report and recommendation on April 30, 2015, recommending that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted. (ECF No. 25.) Plaintiff filed timely objections to the R&R and Defendant filed a response. (ECF Nos. 28, 30.) This matter is now before the Court for review.

## I.

**Standard of Review**

> Under 42 U.S.C. § 405(g):
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d

535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews de novo the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## II.

**The ALJ's Decision and the R&R**

An ALJ considering a disability claim is required to follow a five-step sequential process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). The five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R.

> § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.  *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id*.

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  *Id*.  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since July 8, 2008.  (ECF No. 13-2 at Pg. ID 121.)  The ALJ found at step two that Plaintiff has the following severe impairments: multiple sclerosis, reduced left eye visual activity, major depressive disorder and posttraumatic stress disorder.  (*Id.*)  At step three, the ALJ found that Plaintiff did

4

not have an impairment or combination of impairments meeting or medically equaling one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

At step four, the ALJ evaluated Plaintiff's residual functional capacity ("RFC") and determined that Plaintiff can perform light work with:

> [N]o limitation on sitting but he is limited to standing/walking two hours in an eight-hour workday. He can occasionally use foot pedals with the left foot, climb ramps and stairs, balance[,] and operate a motor vehicle. He should avoid climbing ladders, ropes and scaffolds, unprotected heights and dangerous machinery. He is able to follow simple and low level detailed instructions, i.e., unskilled and semiskilled instructions. He can have only superficial interaction with the public. He can maintain routine interaction with supervisors and co-workers, but should avoid working as a team member.

(*Id.* at Pg. ID 122.) The ALJ then concluded that Plaintiff was unable to perform his past relevant work. However, at the final step, the ALJ concluded that a significant number of jobs exist in the national economy that Plaintiff could perform given his age, education, work-experience, and RFC, and that Plaintiff was not disabled under the Social Security Act. (*Id.* at Pg. ID 130–31.)

Thereafter, Magistrate Judge Patti found that the ALJ's credibility determination was supported by substantial evidence. In his opinion, Magistrate Judge Patti discussed the medical evidence in the record and the factual statements that tended to undercut Plaintiff's arguments that: (1) the ALJ improperly discounted Plaintiff's credibility; (2) the ALJ improperly discounted the opinions

5

of Plaintiff's treating physicians, thereby improperly weighing the opinion evidence; and (3) the ALJ failed to include Plaintiff's memory and vision problems in his hypothetical to the vocational expert ("VE"). (ECF No. 25 at Pg. ID 13–29.) Magistrate Judge Patti concluded by determining that substantial evidence supported the ALJ's decision denying benefits, and recommended that the Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. (*Id.* at Pg. ID 985.) Subsequently, Plaintiff timely filed his objections. (ECF No. 28.)

### III.

**Plaintiff's Objections**

### A. Prescribed Treatment

Plaintiff first contends that the magistrate judge erred in considering Plaintiff's periods of non-compliance with treatment as one factor in his credibility determination. (*Id.* at Pg. ID 1009–10.) Plaintiff's objection mimics his summary judgment argument, and as the magistrate judge noted, "[t]he Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible." *Lemle v. Comm'r of Soc. Sec.*, No. CIV.A. 11-10295, 2012 WL 1060111, at *9 (E.D. Mich. Jan. 27, 2012) report and recommendation adopted, No. 11-10295, 2012 WL 1059787 (E.D. Mich. Mar. 29, 2012) (citing *Sias v.*

6

*Secretary of Health & Human Serv's.*, 861 F.2d 475, 480 (6th Cir. 1988)). Thus, the Court finds that Plaintiff's argument is unsubstantiated and accordingly rejects Plaintiff's first objection.

### B. Brain MRIs

Second, Plaintiff asserts, as he did in his motion for summary judgment, that the ALJ erred in rejecting Plaintiff's claimed limitations, given that said limitations were "testified-to limitations" and "corroborated in the objective evidence." (*Id.* at Pg. ID 1011–12.) Specifically, Plaintiff points to the fact that his 6 brain MRIs confirmed his multiple sclerosis diagnosis, and provide the objective evidence to support Plaintiff's symptoms. (*Id.* at Pg. ID 1012.) As thoroughly explained by Magistrate Judge Patti, there is no denial of these findings of this diagnosis by the ALJ. Moreover, disability is a concept relating to functional limitations. *Simon v. Comm'r of Soc. Sec.*, No. 14-12007, 2015 WL 5026060, at *2 (E.D. Mich. Aug. 25, 2015) "It is an assessment of what the claimant can and cannot do, *not* what she does and does not suffer from." *Id.* (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002)). Accordingly, the Court rejects Plaintiff's second objection.

### C. Waxing and Waning Nature of Multiple Sclerosis

The Court next reviews Plaintiff's third objection. Similarly to Plaintiff's argument in his motion for summary judgment, Plaintiff again directs the Court's

7

attention to the "waxing and waning" nature of multiple sclerosis, and to the fact that the Sixth Circuit holds that the ability to perform work activity during periods of remission does not establish an ability to engage in substantial activity. (ECF No. 28 at Pg. ID 1012.) However, as Magistrate Judge Patti noted, the ALJ never asserted in support of his disability determination that Plaintiff performed or was able to perform work activity during a period of remission. Thus, the Court is uncertain as to why Plaintiff is directing the Court's attention to this line of cases. The ALJ, in support of his determination, relied on Plaintiff's own testimony, as well as consideration of the reports of the treating sources, the agency physicians, the medical test results, and the record as a whole – amounting to substantial evidence in support of the ALJ's determination that Plaintiff is not disabled. Accordingly, the Court rejects Plaintiff's third objection.

### D. Daily Activities

Fourth, Plaintiff contends that the magistrate judge erred in holding that the ALJ properly considered – among other things – documents in the record concerning Plaintiff's daily activities, when making his credibility determination as to Plaintiff's claimed impairments. (*Id.* at Pg. ID 1013–14.) In support of this assertion, Plaintiff first asserts that one of the documents relied on by the ALJ came from a prior application for disability benefits that was denied. (*Id.* at 1014.) This argument is baseless, given that the documents relied on were part of the

administrative record for *this* application for disability benefits. (ECF No. 13-6 at Pg. ID No. 430–48, 473–80.) Moreover, Plaintiff was informed by the Social Security Administration Office of Disability Adjudication and Review Hearing Office that a prior decision to deny benefits can be used to deny a new application for benefits if the facts and the issues are the same. (Notice of Unfavorable Decision, ECF No. 13-2 at Pg.ID 116.)

In further support of Plaintiff's contention that the ALJ improperly considered two documents pertaining to Plaintiff's daily activities, Plaintiff argues that the ALJ "cherry picked" when relying on the second document pertaining to daily activity – given that it is indicated in this document that plaintiff is unable to do laundry, dishes, make his bed, perform car maintenance, or use a checkbook. (ECF No. 28 at Pg. ID 1014.) The Court finds Plaintiff's argument unpersuasive given that when discussing said document, the ALJ states that Plaintiff indicates "he has problems taking care of his personal needs." Thus it is readily apparent that the ALJ took into consideration these limitations when making its credibility determination. Accordingly, the Court rejects Plaintiff's fourth objection.

### E. GAF Scores

Fifth, Plaintiff takes issue with the fact that the ALJ considered Plaintiff's GAF scores when assessing RFC and ultimately finding that Plaintiff was not fully credible. Plaintiff also takes issue with the fact that the magistrate judge referenced

9

Plaintiff's GAF scores in the Report and Recommendation. (ECF No. 28 at Pg. ID 1015–16.) In support of his objection, Plaintiff provides the following excerpt from Sixth Circuit decision *Kennedy v. Astrue*, 247 F. Appx. 761, 766 (6th Cir. 2007):

> Furthermore, the Commissioner "has declined to endorse the [GAF] score for 'use in the Social Security and SSI disability programs,' and has indicated that [GAF] scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *DeBoard v. Commissioner of Social Security*, 211 Fed.Appx. 411 (6th Cir.2006) (quoting *Wind v. Barnhart*, 133 Fed.Appx. 684, 691–92 n. 5 (11th Cir.2005)) (quoting 65 Fed.Reg. 50746, 50764–65 (Aug. 21, 2000)). The GAF scores, therefore, are not raw medical data and do not necessarily indicate improved symptoms or mental functioning.

*Kennedy*, 247 F. Appx. at 766.

Plaintiff, however, excludes the immediately preceding excerpt in which the court states that "[a] GAF score *may help an ALJ assess mental RFC*, but it is not raw medical data. Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay person, of an individual's mental functioning." *Id.* (emphasis added). The ALJ used Plaintiff's GAF scores, claimant's self-reported severe mental impairments, as well as the mental status exams in the record to assess Plaintiff's mental RFC. Neither the ALJ nor Magistrate Judge Patti treated Plaintiff's GAF scores as raw medical data. Thus, it is not clear to the Court why Plaintiff has provided this excerpt from the *Kennedy* holding. Accordingly, the Court rejects Plaintiff's fifth objection.

### F. Medical Opinions

Sixth, Plaintiff objects to the fact that the ALJ discounted the opinions of his treating physicians. Having reviewed Plaintiff's motion for summary judgment, this objection is merely a recitation of the identical argument that was presented before the magistrate judge. The Court finds that the magistrate judge thoroughly discussed the ALJ's treatment of the treating source evidence – specifically the opinions of Dr. Daryl Thompson, Lori Wheelhouse, and Dr. Shahbaz Khan – and properly reviewed the administrative record and applied the correct law in reaching his conclusion. Moreover as the court in *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) properly indicated:

> This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, *see, e.g., Camardo v. Gen. Motors Hourly–Rate Emps. Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"), and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources, *see, e.g., Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

*Owens*, 2013 WL 1304470, at *3. Accordingly, the Court rejects Plaintiff's sixth objection.

### G. Vocational Expert Hypothetical

Lastly, Plaintiff, in his seventh objection, contends that the ALJ's hypothetical posed to the vocational expert ("VE") was in error, given that

allegedly, it did not incorporate all of Plaintiff's documented limitations. (ECF No. 28 at Pg. ID 1021.) Having reviewed the record, it is blatantly apparent that this objection is also a recitation of the identical argument presented before Magistrate Judge Patti. The Court finds that the magistrate judge thoroughly reviewed the administrative record and applied the correct law in reaching his conclusion, and properly determined that the ALJ accurately portrayed Plaintiff's individual physical and mental impairments in his hypothetical question posed to the VE. Thus the Court relies on the magistrate judge's analysis, concerning Plaintiff's seventh objection.

Additionally, regarding Plaintiff's reduced visual acuity, the ALJ, when analyzing the neurological exam conducted by Dr. John Sand, noted that "[t]he claimant would have limited left eye vision, could never work at unprotected heights and only occasionally work around moving mechanical parts and operate motor vehicles. The undersigned give[s] substantial weight to the opinion of Dr. Sand [.]" (ECF No. 13-2 at Pg. ID 129.) Thus, it is apparent that the ALJ took Plaintiff's reduced visual acuity into consideration when telling the VE that the hypothetical plaintiff was restricted from working at unprotected heights. Moreover, the Court also notes that Plaintiff fails to indicate how his reduced visual acuity limits his job performance capabilities to such a point where Plaintiff

is unable to perform *any* jobs. Plaintiff fails to explain how his reduced visual acuity would render him totally disabled.

For these reasons, the Court rejects Plaintiff's objection to the R&R and adopts Magistrate Judge Patti's Report and Recommendation. (ECF No. 25.)

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 18) is **DENIED**;

**IT IS FURTHER ORDERED**, that the Commissioner's motion for summary judgment (ECF No. 24) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Complaint is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 29, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager